IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANNA ROSS,  )   |   |
|     Plaintiff,  ) |   |
| )   |   |
| v.  )  | CIVIL ACTION NO. 1:24-00110-JB-N |
| )   |   |
| LOWE'S HOME CENTERS, LLC.,  ) |   |
|     Defendant.  ) |   |

## ORDER

This civil action is before the Court *sua sponte* on review of its subject-matter jurisdiction.[1] Upon due consideration, the Plaintiff will be ordered to file an amended complaint to correct defects in its jurisdictional allegations, as well as a disclosure statement.

### I.  Subject-Matter Jurisdiction

"A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…" Fed. R. Civ. P. 8(a)(1). The

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

complaint (Doc. 1) alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for subject matter jurisdiction.

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396

(5th Cir. 1974)).[2] Additionally, "[i]n order to invoke a federal court's diversity jurisdiction, a plaintiff must claim … that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…")).

Having considered the complaint (Doc. 1), the undersigned identifies the following deficiencies in the Plaintiff's allegations supporting diversity jurisdiction:[3]

- The record is ambiguous whether the Defendant is a corporation or a limited liability company, and the Plaintiff has failed to sufficiently allege its citizenship regardless of which it is. The complaint names the Defendant as "Lowe's Home Centers, LLC" (emphasis added) in both the title and the body of the complaint, thus indicating that it is a limited liability company (LLC).

---

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.'" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[3] The complaint sufficiently alleges the citizenship of the natural person Plaintiff, alleging she is "domiciled in," and thus a citizen of, Alabama. *See* (Doc. 1 ¶ 1, PageID.1); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Moreover, as the complaint demands over $75,000 in compensatory and punitive damages alone (i.e., exclusive of interests and costs), it sufficiently alleges that § 1332(a)'s jurisdictional minimum amount in controversy is satisfied.

(*See* Doc. 1, PageID.1). However, the complaint also alleges that the Defendant is a "corporation" (*see* Doc. 1 ¶ 2, PageID.1), and both the civil cover sheet (Doc. 1-2, PageID.6) and the proposed summons (Doc. 1-1, PageID4) identify the Defendant as "Lowe's Home Centers, <u>Inc.</u>" (emphasis added), which is indicative of a corporation. Because the complaint controls the identities of the parties, the current defendant is deemed to be "Lowe's Home Centers, LLC," not "Lowe's Home Centers, Inc." *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties…")

- If the Defendant is an LLC, then it "possesses the citizenship of all its members[,]" *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("a limited liability company is a citizen of any state of which a member of the company is a citizen"), and the Plaintiff must therefore "list the citizenships of all the members" of the Defendant in order to carry her burden of establishing diversity of citizenship. *Rolling Greens*, 374 F.3d at 1022. *Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam).[4] Accordingly, if the Defendant

---

[4] This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every

is in fact an LLC, the Plaintiff must amend her complaint to allege that it is a "limited liability company" rather than a "corporation," and must affirmatively identify each of the Defendant's members and properly allege their respective citizenships.

- If the Defendant is a corporation, then the Plaintiff must amend the complaint to identify the Defendant as an "Inc." rather than an "LLC," and must affirmatively allege "every State and foreign state by which [the Defendant] has been incorporated and…the State or foreign state where it has its principal place of business…" 28. U.S.C. § 1332(c)(1). At present, the Plaintiff has alleged only that the Defendant "is a corporation domiciled in North Carolina and doing business within this District at all times material hereto." (Doc. 1 ¶ 2, PageID.1). Whether the Defendant is "doing business within this District" is immaterial for purposes of alleging diversity jurisdiction, and alleging the Defendant is "domiciled in North Carolina" does not sufficiently identify "every State and foreign state by which [the Defendant] has been incorporated[,]" or "the State or foreign state where it has its principal place of business…" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) ("We conclude that 'principal

---

state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC."); *Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity")

place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon due consideration, the Plaintiff is **ORDERED** to file, no later than **APRIL 17, 2024**, an amended complaint that corrects the above-noted deficiencies in her allegations supporting diversity jurisdiction under § 1332(a). In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint, which will become the operative complaint in this action,[5] "must reproduce the entire pleading as amended and may not

---

[5] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the

- incorporate any prior pleading by reference[,]" *see* S.D. Ala. CivLR 15(a); and

- the Plaintiff must file the amended complaint as a freestanding pleading and <u>not</u> as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed nonresponsive to this order and will be summarily ordered stricken. The failure to file an amended complaint as ordered, or to adequately allege a basis for subject matter jurisdiction in the amended complaint, may result in entry of a recommendation that this action be dismissed *sua sponte* for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II.    Disclosure Statement

Under the most recent amendment to Federal Rule of Civil Procedure 7.1, "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: **(A)** when the action is filed in or removed to federal court, and **(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a)." Fed. R. Civ. P. 7.1(a)(2). The Plaintiff did not file such a disclosure statement when she filed this

---

Federal Rules, an amended complaint supersedes the original complaint.").

action. The Plaintiff is **ORDERED** to do so, using this Court's current form (https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf), no later than **APRIL 17, 2024**.

    **DONE** and **ORDERED** this the **11th** day of **April 2024**.

                                             */s/ Katherine P. Nelson*
                                             **KATHERINE P. NELSON**
                                             **UNITED STATES MAGISTRATE JUDGE**